IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

U.S BANK TRUST NATIONAL ASSOCIATION,
AS CERTIFICATE TRUSTEE FOR AMH 21,

          Plaintiff,

                                          Case No. 2016-029110-CA-01

vs.

CITY OF MIAMI BEACH, a Florida municipal
corporation,

          Defendant(s).

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMH

21 TRUST (hereinafter "AMH21") sues Defendant CITY OF MIAMI BEACH (hereinafter "the

CITY") and states:

1. This is an action which exceeds the sum of $15,000.00 exclusive of interest, cost and fees.

2. Plaintiff is a trust which is Owner of the "Subject Property" legally described as:

       **Lot 6, Block 7, BISCAYNE BEACH SUBDIVISION,**
       **according to the Plat thereof as recorded in Plat Book**
       **44, at Page 67 of the Public Records of Miami-Dade**
       **County, Florida**

More commonly described as 800 – 84th Street, Miami Beach, Florida.

3. The Subject Property was improved by a one story, concrete block structure, built in 1954,

comprised of four residential units (the "Building").

4. The Defendant, CITY OF MIAMI BEACH (hereinafter "the CITY") is a municipal

corporation chartered under the laws of Florida.

5. All conditions precedent have been performed, excused and/or waived.

6. Plaintiff has complied with the pre-suit Notice requirement set forth in Florida Statue

§768.28. A copy of said Notice is attached hereto and made a part hereof as Plaintiff's **Exhibit "A."**

7.   Plaintiff is the successor in interest to Bayview Loan Servicing, Inc. by virtue of its purchase of certain Loan Documents wherein Line Martin, the previous owner of the Subject Property, was the Mortgagor and Bayview Loan Servicing, Inc. was the Mortgagee (the "Loan Documents").

8.   On or about June 24, 2013, Bayview Loan Servicing, Inc. filed a foreclosure action against Line Martin in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 13-22070 CA 22 (the "Foreclosure Action").

9.   On July 10, 2013, just after the filing of the Foreclosure Action, the Defendant issued a Citation to the then Owner, Line Martin, addressed to "6770 Indian Creek, #T-F, Miami Beach, FL 33141", stating that the Subject Property was inspected on July 10, 2013 and that the Owner had "2 days" to provide a 40-year recertification report. The Citation attached hereto as **Exhibit "B"** contained notations thereon as follows:

(a)   Violation Number BV 090000246 was not in compliance and that a Subject Property is deemed unsafe if a 40-year Recertification report is not completed and providing 30 calendar days from the posting of the notice to complete the 40-year Recertification report. . .; and

(b)   Section 8-5—Unsafe Structures—Buildings . . . subject to the recertification requirements in Section 8-11 (f) of this Code which {sic} the owner fails to timely respond to the Notice of Required Inspection or fails to make all required repairs or modifications found to be necessary from the recertification deadline specified in the Code or any written extension granted by the Building Official will be demolished

10.   There is no indication when or in what fashion, or even if Exhibit "B" was actually provided by the CITY to the then Owner, Line Martin.

11.  A 40-Year Recertification dated December 9, 1995 performed by American Building Engineers had been on file with the City as of December 8, 1995.

12.  On or about December 29, 2008, the Defendant issued the above-described Notice of Violation BV090000246, due to Line Martin's alleged failure to comply with Miami-Dade County Ordinance Section 8-11(f) requiring 40-Year Recertification to the Defendant. A copy of said Notice indicating that it was addressed to Line Martin at 6770 Indian Creek Drive, #T-F, Miami Beach Florida 33141 is attached hereto as **Exhibit "C."**

13.  Upon information and belief, Line Martin had provided the Defendant with an updated ten-year recertification on or about January 24, 2009 as indicated by the Receipt for Payment attached hereto as **Exhibit "D"**, described as "Recertification of Building 40 Years Old – Miami".

14.  The City closed out this purported Violation No BV 090000246 upon receipt of report.

15.  Thereafter, the Defendant issued a Citation dated July 10, 2013 directed to Line Martin, referring to the closed Violation No. BV 090000246 which stated in part:

> "NOTICE OF VIOLATION ISSUED: Violation BV 09000246 not in compliance. Therefore, as per the Florida Building Code and Miami-Dade County Chapter 8-5 (6) the Subject Property is deemed unsafe if a 40-year Recertification report is not completed. You must have the 40 Year Rec. processes completed within thirty calendar days from the posting of this notice.

16.  Nevertheless, despite the Defendant having closed BV 090000246 it issued a new violation based upon the closed violation and continued on its path of demanding a "40-Year Recertification" while one had been on file with the City since 1995. Moreover, the 2009 Violation had been closed by reason of the receipt of the updated ten-year interval report. Nevertheless, the Defendant pursued its intent to declare the building unsafe for the sole reason that its owner had allegedly not provided the Defendant with a "40-Year Recertification" report.

17.  Upon information and belief, all residents were required to and did vacate the building on

or prior to September 3, 2013 by Order of the City Building Official.

18.  Upon information and belief on October 16, 2013, a Meeting of the Unsafe Structures Board was held, at the request of the Defendant, based solely upon the alleged failure to provide the Defendant with a "40-Year Recertification" within the time prescribed; without the required Notice to either Line Martin or Plaintiff's predecessor, Bayview Loan Servicing, LLC and without testimony or evidence of valuation presented as required by Chapter 8, Section 8-5 (g) of the Code of Miami-Dade County.

19.  Chapter 8, Section 8-5 (g) of the Code of Miami Dade County, requires that "within ten working days of the posting of notice of violation and notice of hearing, the Building Official shall send written notice of the violation and notice of hearing to the Owner and any interested party. . . ." This was not done.

20.  Bayview Loan Servicing, LLC was at all times material hereto an "interested party" as is Plaintiff as Bayview Loan Servicing's successor in interest.

21.  Nevertheless, on October 16, 2013, the Miami-Dade County Unsafe Structures Board issued an Order directed to Line Martinez (not Line Martin) with a copy to "Known Interested Parties: City of Miami Beach, Unsafe Structures Section. . .) providing that the structure "shall be demolished...within thirty (30) days from today." Neither Bayview Loan nor Plaintiff are listed as Interested Parties. A copy of the Order is attached hereto as **Exhibit "E."**

22.  Upon information and belief, the City never informed the Unsafe Structures Board of the foreclosure nor the existence of Bayview Loan Servicing, LLC nor of Plaintiff as a "known interested party." The Order authorizing demolition was never provided to the Plaintiff or its predecessor, Bayview Loan Servicing, LLC.

23.  Upon information and belief, shortly after the Defendant caused the residents of the Subject

Property to vacate, it was boarded up and secured by the Defendant or its authorized representatives.

24. On or about October 29, 2013, pursuant to Bayview Loan Servicing, LLC's October 9, 2013 Motion to Substitute Plaintiff, an Order was entered in the foreclosure action substituting Plaintiff AMH 21, as assignee and owner and holder of the Loan Documents in place of Bayview Loan Servicing, LLC.

25. The City of Miami Beach had been a party Defendant in the foreclosure lawsuit since service of the Complaint on July 3, 2013.

26. At all times material hereto, the Defendant knew or should have known that Bayview Loan Processing, LLC and then AMH 21 as mortgagees were interested parties.

27. On March 4, 2014, a Final Judgment of Foreclosure was entered against Line Martin and all other party defendants, and recorded in Official Records Book 29053 at Page 3706 of the Public Records of Miami-Dade County, Florida.

28. On July 23, 2014 the Clerk of the Circuit Court in and for Miami-Dade County issued its Certificate of Title in the foreclosure proceeding in the name of the Plaintiff herein. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "F."**

29. On July 28, 2014, after the issuance of the Certificate of Title, the building was demolished by the City of Miami Beach without any prior Notice to Plaintiff or its predecessor of its intention to do so.

## COUNT I- INVERSE CONDEMNATION

30. The Plaintiff re-alleges and incorporates all of the allegations in Paragraph(s) 1 through 29 as though fully alleged herein.

31. The Defendant exercised dominion and control over and appropriated the Plaintiff's Subject Property by demolishing the Subject Property.

32. The Defendant did not and has not paid the Plaintiff any compensation for the destruction of the Subject Property.

33. The appropriation of the Plaintiff's Subject Property has permanently deprived the Plaintiff of the use, enjoyment and economic benefits of the Subject Property and constitutes an unlawful taking under Florida law, Florida's Constitution and the United States Constitution.

34. Due to the Defendant's appropriation of the Subject Property, the Plaintiff is irreparably injured and has no adequate remedy at law.

35. The Plaintiff is entitled to recover from the Defendant its attorneys' fees pursuant to Section 73.092, *Florida Statutes*.

### COUNT II- DEPRIVATION OF PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND 42 U.S.C. § 1983

36. The Plaintiff re-alleges and incorporates all of the allegations in Paragraph(s) 1 through 29 as though fully alleged herein.

37. Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMH 21 TRUST, had a legal Subject Property interest in the Subject Property by virtue of the Loan Documents and as the successor Mortgagee to Bayview Loan Servicing, LLC.

38. The Defendant had actual and/or constructive notice of Plaintiff's Subject Property rights and legal interest regarding the Subject Property, by virtue of the Mortgage, Assignment and Lis Pendens, all of which were duly recorded with the County Clerk and were a matter of public record at all times relevant to this action.

39. Amendment V of the United States Constitution (the "5th Amendment"), states that "(n)o Person shall be...deprived of life, liberty, or property, without due process of law; nor shall privet property be taken for public use, without just compensation."

40. The 14th Amendment applies the 5th Amendment to the states and provides that "(n)o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law…"

41. Defendant demolished the structure existing on the Subject Property, thereby substantially depreciating the value of the Subject Property and Plaintiff's mortgage lien on the Subject Property.

42. Defendant failed to provide Plaintiff with notice of any determination that the Subject Property's condition violated the Defendant/City's Code or that the Defendant required abatement of any condition on the Subject Property. *See* Chapter 8, Section 8-5 (g) of the Code of Miami-Dade County.

43. Defendant failed to comply with the City's Code provisions regarding the required process before demolishing a structure.

44. Defendant did not provide Plaintiff with notice of intent to demolish the structure or an opportunity to be heard.

45. Defendant had a policy not to provide notice to interest parties, except for property owners, that the Subject Property's condition violated the City of Miami Beach's Code or that the City of Miami Beach required abatement of any condition on the Subject Property. *See* Chapter 8, Section 8-5 (g) of the Code of Miami-Dade County.

46. Defendant had a policy of providing inadequate notice of demolition proceedings by virtue of permitting a notice of intent to demolish to be sent to all interested parties as few as ten (10) days prior to the demolition. *See* Chapter 8, Section 8-5 (g) of the Code of Miami-Dade County.

47. Defendant had a custom or practice of failing to provide notice to all other interested parties

such as mortgagees that was widespread enough to constitute a policy.

48. Defendant took the above-stated action in furtherance of Defendant's policy, plans and/or customs and under color of state law.

49. Defendant's conduct was deliberately indifferent to the possibility that the policy in question would lead to a deprivation of federally protected rights and involved reckless or deliberate indifference to Plaintiff's property rights.

50. Based on the above-stated acts and omissions by Defendant, its failure to properly train its employees responsible for providing notice to owners and other interested parties under the Code led to the demolition without due process and constitutes a constitutional inadequate policy, procedure, custom and/or practice.

51. The above-stated acts and omissions by Defendant as well as the Code's failure to require notice of the demolition proceedings led to Plaintiff being deprived of its property rights and legal interest regarding the subject property or diminished them by destroying the residence, thereby depriving it of a constitutionally protected property interest without first providing it with due process, in violation of the 14th Amendment of the United States Constitution and 42 U.S.C. § 1983.

52. There are no administrative remedies available to Plaintiff for the stated violation.

53. Due to state court interpretation of Florida law, an adequate post-deprivation remedy for the stated violation does not exist under Florida state law.

54. Plaintiff, by virtue of its mortgage lien, had a constitutionally protected property interest in the Subject Property, including the residence located on the Subject Property, in the form of a lien against the property as evidenced by the properly-recorded Mortgage, Assignment and Lis Pendens.

55. Plaintiff's lien against the property, as evidenced by its properly-recorded Mortgage, Assignment and Lis Pendens, provided Plaintiff a cognizable right to foreclose on the Subject Property, inclusive of the residence located thereon, subject to certain conditions precedent.

56. Defendant deprived Plaintiff of its property interest (collateral securing monies lent to Mortgagors) without due process of law when it improperly demolished the residence located on the Subject Property without giving Plaintiff reasonable notice and the opportunity to be heard, thereby substantially depreciating the value of the Subject Property and Plaintiff's mortgage lien on the Subject Property.

57. As a direct and proximate result of the aforementioned unauthorized acts or omissions of the Defendant, by demolishing the residence on which Plaintiff held a constitutionally-protected property interest while depriving Plaintiff of notice and an opportunity to be heard, Plaintiff has suffered injuries, including but not limited to, monetary damages in an amount of $697,299.41 (the amount of the Final Judgment of Foreclosure; Case No. 13-22070 CA 22), plus interest, costs and attorney's fees.

58. Defendant's violation of Plaintiff's due process rights caused Plaintiff to incur attorney's fees and costs in order to protect the constitutional due process rights and property interest.

59. Plaintiff is entitled to recover its attorney's fees and costs incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff, U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMH 21 TRUST, respectfully requests this Court to:

(a) Declare that the CITY OF MIAMI BEACH has violated U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMH 21 TRUST's constitutionally-protected property rights.

(b) Award actual and compensatory monetary damages including, but not limited to, loss in

value of collateral in such an amount as determined to be appropriate by the finder of fact

and including but not limited to, Plaintiff's reasonable attorney's fees and costs incurred in

prosecuting this action;

(c) Award any other such alternative and additional relief that appears to the Court to be

equitable and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email to Steven H. Rothstein, Esq., Office of City Attorney, at stevenrothstein@miamibeachfl.gov and to the parties on the Clerk's e-Service list on January 29, 2019.

RESPECTFULLY SUBMITTED:

RITTER, ZARETSKY, LIEBER & JAIME, LLP

By: /s/ Vivian A. Jaime, Esq.
Vivian A. Jaime, Esq.
Attorney for Plaintiff
Florida Bar Number: 0714771
2915 Biscayne Boulevard, Suite 300
Miami, Florida 33137
Telephone: (305) 372-0933
Fax: (786) 245-7404
E-Mail: vivian@rzllaw.com
Secondary E-Mail: efile@rzllaw.com

Law Offices

EILEEN CHAFETZ, P.A.

Telephone: (305) 672-3100                    4770 Biscayne Boulevard, Suite 1400
                                             Miami, Florida 33137

November 6, 2015

City of Miami Beach
1700 Convention Center Drive
Miami Beach, Florida 33139
Attn: Jimmy Morales, City Manager

   Re: U.S. Bank Trust National Association as
     Certificate Trustee for AMH 21 Trust
     (hereinafter "AMH 21 TRUST")
     vs. City of Miami Beach, a Municipal
     Corporation
     FEI Number: 90-0985005
     "The Property": 800 84th Street
          Miami Beach, Florida 33141

Gentlemen:

  Please be advised that the undersigned represents U.S. Bank Trust
National Association as Certificate Trustee for AMH 21 Trust, which
acquired title to the property by virtue of being the successful bidder
at a foreclosure sale held on July 2, 2014.

  That foreclosure commenced on or about July 24, 2013 naming
BAYVIEW LOAN SERVICING, LLC, as Plaintiff/Mortgagee, which then
transferred and assigned its interest to AMH 21 Trust. An Order
substituting AMH 21 Trust dated October 29, 2013 is attached hereto
as Exhibit "1".

  A Certificate of Title was issued by the Clerk of the Circuit
Court in and for Miami-Dade County, Florida to AMH 21 TRUST on July
23, 2014; a copy is attached hereto as Exhibit "2".

  An Unsafe Structures Board Hearing was held on October 16, 2013
based upon a failure to provide the 40 year recertification.

  No Notice of the Unsafe Structures Board Hearing was provided
to BAYVIEW LOAN SERVICING, LLC., as an interested party, nor was any
notice provided to AMH 21 Trust as its successor in interest.

  Just prior to the issuance of the July 23, 2014 Clerk's issuance
of the Certificate of Title, AMH 21 TRUST learned that the City of
Miami Beach had demolished the building located on the Property on
or about July 20, 2014.



All notices of Special Masters' Hearings relating to the Property and leading up to the the Unsafe Structures Board Hearing were deficient and improper.

The City of Miami Beach, Florida ("the City") knew at all times material hereto that either Bayview or AMH 21 Trust were "interested parties". The City knew at all times material hereto that the improvements upon the Property were about to be demolished and would devalue the property substantially; nevertheless it failed to notify the mortgagees as interested parties. The City knew or should have known that a 40 year recertification prepared by American Building Engineers was provided to the City and could easily be found within its own records. Despite the actual knowledge that the title to the Property had been transferred, the City continued to conduct Special Master Hearings and participate in other hearings without proper notice.

Although the City had received the 40 year recertification, the City issued a violation against the Owner, Line Martin, for failure to provide it with a 40 year recertification, and upon failure of the Owner to provide such 40 year recertification, despite failing to properly notify the owner, fowarded the matter to the Unsafe Structures Board.

The City of Miami Beach made no effort to value the property, nor provide any computation of valuation to the Unsafe Structures Board as required.

The City was negligent in all aspects of the handling of this matter, including an improper notice of violation for failure to produce a 40 year recertification which was available within the City's own records, failure to properly notice the Owner of the Property of the proceedings, failure to make certain that proper notice was sent to the interested parties.

The circumstances leading up to the demolition of the improvements to the Property, show that the City of Miami Beach breached its duty to the Property owners and interested parties and that City's actions were negligent or grossly negligent.

Pursuant to the provisions of Florida Statute §768.28, my client is herewith providing you with notice of its claim upon the City of Miami Beach as follows:

1. Loss in Value of the Property $325,000.00 (Retrospective Appraisal and Analysis previously provided to the City.)

2. Engineering Services and construction of fence to prevent dumping on vacant lot $1,500.00

3. Real Estate Taxes for the period from 7/23/2014 to date: $11,795.68.

4. Retrospective Appraisal and Analyis - cost of
   compiling information, consultation and preparing
   report: $10,000.00

5. Ongoing maintenance of the property at $210.00 per month
   from July 23, 2014 to date: $3,570.00.

6. Flood Insurance at $372.00 per month from July 23, 2014 to
   date: $6,324.00

7. Liability Insurance from 7/23/14 to date: $5,832.50.

Demand therefore is made that the City of Miami Beach pay to
AMH 21 Trust the sum of $364,028.18, plus ongoing expenses, accrued
interest at the legal rate and attorney's fees.

Very truly yours,

EILEEN CHAFETZ

EC/sys
encl.
cc: Miami Beach City Attorney

Certified Mail RRR

7014 3490 0001 6375 7522

#38

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BAYVIEW LOAN SERVICING, LLC, a
Delaware limited liability company,

CASE NO. 13-22070 CA 22

~~Plaintiff,~~

vs.

GAIL THOMPSON

LINE MARTIN, et al.,

~~Defendants.~~

## ORDER ON MOTION TO SUBSTITUTE PLAINTIFF

THIS CAUSE having come before the Court on October 29, 2013 at 9:30 a.m. upon the Amended Motion to Substitute Plaintiff filed by BAYVIEW LOAN SERVICING, LLC, and the Court having heard argument of counsel, having reviewed the file and being otherwise fully advised in the premises, it is hereby

ORDERED that Motion to Substitute Plaintiff filed by BAYVIEW LOAN SERVICING, LLC be, and the same is hereby, GRANTED.   U.S. BANK TRUST NATIONAL ASSOCIATION, AS CERTIFICATE TRUSTEE FOR AMH 21 TRUST, shall be substituted for the Plaintiff, BAYVIEW LOAN SERVICING, LLC.  The style and caption in this action shall henceforth reflect as follows:

U.S. BANK TRUST NATIONAL ASSOCIATION, AS CERTIFICATE TRUSTEE FOR AMH 21 TRUST,
as substituted Plaintiff for Bayview Loan Servicing, LLC,

Plaintiff,

vs.

LINE MARTIN, et al.,

Defendants.

DONE and ORDERED in Chambers at Miami, Miami-Dade County, Florida on this the _____ day of October, 2013.

Signed & Dated
OCT 29 2013

CIRCUIT COURT JUDGE

Judge Darrin P. Gayles

Copies Furnished To:
All Parties on the Annexed Service List

EXHIBIT

# SERVICE LIST

Daniel S. Mandel, Esq., Law Offices of Daniel S. Mandel, P.A., Attorneys for Plaintiff, 1900 N.W. Corporate Blvd., Ste. 305W, Boca Raton, FL 33431

Steven H. Rothstein, Esq., Attorney for Defendant, City of Miami, 1700 Convention Center Drive, 4th Floor, Miami Beach, FL 33139

Manny Tarich, Esq., The Tarich Law Firm, P.A., Attorneys for Defendant, Line Martin, 19495 Biscayne Boulevard, Suite 606, Aventura, FL 33180

Juniel Puentes, f/k/a John Doe Or Any Other Person In Possession As To Unit 1
800 84th Street, Unit 1, Miami Beach, FL 33141

Barbara Hernandez f/k/a John Doe Or Any Other Person In Possession As To Unit 2
800 84th Street, Unit 2, Miami Beach, FL 33141

Maricella Hernandez, f/k/a John Doe Or Any Other Person In Possession As To Unit 3, 800 84th Street, Unit 3, Miami Beach, FL 33141

Jessica Star f/k/a John Doe Or Any Other Person In Possession As To Unit 4, 800 84th Street, Unit 4, Miami Beach, FL 33141

CFN 2014R0536938
OR Bk 29251 Ps 4421; (1ps)
RECORDED 07/31/2014 10:45:06
DEED DOC TAX 0.60
SURTAX 0.45
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| U S BANK TRUST NATL ASSN | GENERAL JURISDICTION DIVISION |
| Plaintiff(s) / Petitioner(s) | Case No:    13022070CA01 |
| VS. | Section:    22 |
| MARTIN, LINE , et al. | Doc Stamps:    $0.60 |
| Defendant(s) / Respondent(s) | Surtax:    $0.45 |
| | Consideration:    $100.00 |

## CERTIFICATE OF TITLE

The undersigned clerk of the court certifies that a Certificate of Sale was executed and filed in this action on July 08, 2014, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

## Lot 6, Block 7, of BISCAYNE BEACH SUBDIVISION; according to the Plat thereof, recorded in Plat Book 44 at Page 67, of the Public Records of Miami-Dade County, Florida.

## Street address: 800 84th Street, Miami Beach, FL 33141

was sold to:

U.S. BANK TRUST NATIONAL ASSOCIATION, AS CERTIFICATE TRUSTEE FOR AMH 21 TRUST

1900 Sunset Harbour Drive

The Annex, 2nd Floor

Miami, FL, 33139

WITNESS my hand and the seal of this court on   July 23, 2014.

*Harvey Ruvin*

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

FILED FOR RECORD
2014 JUL 31  AM 8:53
CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FLA.



EXHIBIT

2

Rev. 10/5/2009

EILEEN CHAFETZ, P.A.
Law Offices
4770 Biscayne Boulevard, Suite 640
Miami, Florida 33137

7014 3490 0001 6375 7522

Mr. Jimmy Morales, City Manager
City of Miami Beach
1700 Convention Center Drive
Miami Beach, Florida 33139

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City Manager
City of Miami Beach
1700 Convention Center Drive
Miami Beach, Florida 33139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7014 3490 0001 6375 7522

PS Form 3811, July 2013       Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City Manager
City of Miami Beach
1700 Convention Center
Miami Beach, Florida 33139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _D. Macleodo_
☐ Agent
☐ Addressee

B. Received by (Printed Name)
D. MAHDE

C. Date of Delivery
11/16/2021

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail®
☐ Registered
☐ Insured Mail
☐ Priority Mail Express™
☐ Return Receipt for Merchandise
☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0003 6375 7522

PS Form 3811, July 2013              Domestic Return Receipt



BV13000887   CIT

**BUILDING DEPARTMENT**
1700 Convention Center Drive
Miami Beach, Fl 33139
www.miamibeachfl.gov

# CITATION

Violator:

LINE MARTIN

6770 INDIAN CREEK #T-F

MIAMI BEACH FL

33141-

Owner:

LINE MARTIN

6770 INDIAN CREEK #T-F

MIAMI BEACH FL

33141-

Case Information:

|  |  |  |  |
|---|---|---|---|
| Case No: | BV13000887 | Date Inspected: | 07/10/2013 |
| Sub-Type: | UNSAFE | Fees (if applicable): | $0.00 |
| Property Address: | 800   84TH ST |  |  |
| Proximity/Unit: | 800 84 ST |  | Permit#: |
| Days to Comply: | 2 |  |  |

MIAMI-DADE COUNTY MUNICIPAL CODE CHAPTER 8, SECTION 8-5 - UNSAFE STRUCTURES - (a) GENERAL (1) THE UNSAFE STRUCTURES BOARD IS CREATED TO EXERCISE THROUGHOUT THE INCORPORATED AND UNINCORPORATED AREAS OF MIAMI-DADE COUNTY THE POWERS AND DUTIES GRANTED BY THIS SECTION. THE BOARD SHALL HAVE EXCLUSIVE JURISDICTION IN BOTH THE INCORPORATED AND UNINCORPORATED AREAS OF MIAMI-DADE COUNTY WITH RESPECT TO ITS POWERS, DUTIES AND FUNCTIONS. THE BOARD SHALL BE ENTRUSTED WITH HEARING APPEALS OF DECISIONS OF BUILDING OFFICIALS DECLARING STRUCTURES TO BE UNSAFE WHERE THERE IS AN IMMEDIATE DANGER TO THE HEALTH AND SAFETY OF THE CITIZENS, ALL IN THE MANNER PRESCRIBED IN THIS SECTION.

NOTICE OF VIOLATION ISSUED.
Violation BV09000246 not in compliance, therefore, as per the Florida Building Code and Miami-Dade County chapter 8-5 (6) the property is deemed unsafe if a 40 Year Recertification report is not completed You must have the 40 Year Rec. processes completed within thirty calendar days from the posting of this notice.

Sec. 8-5. - Unsafe Structures
(6)
Buildings or structures subject to the recertification requirements in Section 8-11(f) of this Code which the owner fails to timely respond to the Notice of Required Inspection or fails to make all required repairs or modifications found to be necessary resulting from the recertification inspection by the deadline specified in the Code or any written extension granted by the Building Official will be demolished



PLAINTIFF'S
EXHIBIT
"B"

# CITY OF MIAMI BEACH

CITY HALL  1700 CONVENTION CENTER DRIVE  MIAMI BEACH, FLORIDA  33139

www.miamibeachfl.Gov



**Building Department**

Telephone  (305) 673-7610
Facsimile (305) 673-7857

# CLOSED

## STOP WORK ORDER / NOTICE OF VIOLATION

Violator:

LINE MARTIN

6770 INDIAN CREEK #T-F

MIAMI BEACH FL

33141-

Owner:

LINE MARTIN

6770 INDIAN CREEK #T-F

MIAMI BEACH FL

Case Information:

Case Number: BV09000246

Sub Type:

Property Address: 800   84TH ST

Proximity/Unit: 800 84 ST

Days to Comply: 30

Date Inspected: 12/29/2008

Fees (if applicable): $0.00

Permit #: BR080199

You must take the necessary action(s) to correct or eliminate the violation(s) and    contact the inspector listed below.

If you do not comply within   30 day(s)   from receipt of this notice, the City of Miami Beach Building Department will file

charges and present this case before the governing agency having jurisdiction.  If you intend to pull a permit in response to this violation, a copy of the violation notice must be supplied to the Building Department.  Any fines or fees incurred from this violation that remain outstanding will result in a lien being placed on the property.

RICARDO ARNAU

ENGINEERING INSPECTOR

305 673-7610

Received By

Signature:_____

Printed Name:_____

### VIOLATION(S)

Unit: GENRL

ENGINEERING MISCELLANEOUS:

FAILURE TO COMPLY WITH THE REQUIRED RECERTIFICATION OF BUILDING 40 YEAR OLD - MIAMI DADE COUNTY CODE Ordinance Section 8-11(f).
PLEASE BE ADVISED THAT THIS VIOLATION CASE WILL NOT BE CLOSED UNTIL SUCH TIME THAT ALL BUILDING PERMITS REQUIRED TO CORRECT THE VIOLATION(S) NOTED HAVE BEEN OBTAINED AND FINAL INSPECTION APPROVAL(S) HAVE BEEN GRANTED BY THE CITY OF MIAMI BEACH.

PLAINTIFF'S
EXHIBIT
"C"

**CITY OF MIAMI BEACH**
Miami Beach, Florida 33139

# RECEIPT OF PAYMENT
*(This is not a permit it is a receipt only)*

01-24-2009

Receipt:

Activity Number:   BR080199
Status:   IN VIOL

Date Applied:   04/30/2008       Date Issued:       Entered By:   BUILARNR
Date Completed:                  Date Expired:

Site Address:      800 84TH ST MBCH             Balance Due:      $400.00
Parcel #:   32020081570                          Valuation:       $0.00

Applicant:   LINE MARTIN              Owner:   LINE MARTIN
             6770 INDIAN CREEK #T-F            6770 INDIAN CREEK #T-F
             MIAMI BEACH FL 33141              MIAMI BEACH FL 33141

Description:      RECERTIFICATION OF BUILDING 40 YEAR OLD - MIAMI

Payments made for this receipt:

| Type | Method | Desct. | Amount |
|------|--------|--------|--------|

Payment Made:                         Accepted By:

Total Payment:   .00              Payee:

Current Payment Made to the Following Items:

Account Summary for Fees and Payments:

| Items# Description | Account Code | Tot Fee | Paid | Prev. Pmts | Cur. Pmts |
|--------------------|--------------|---------|------|------------|-----------|
| 260 Recertification | 0118000322620 | 400.00 | .00 | .00 | .00 |



[RECEIPT]



**MIAMI-DADE COUNTY**
*Delivering Excellence Every Day*

```
CFN  2014R0192873
OR Bk 29070 Pgs 0082 - 86; (5pgs)
RECORDED 03/17/2014 11:17:03
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

Department of Regulatory and Economic Resources
Herbert Saffir Permitting & Inspection Center
11805 SW 26th Street (Coral Way)
Miami, Florida 33175
UNSAFE STRUCTURES BOARD
(786) 315-2573    FAX (786) 315-2570

Clerk of Courts Use

Date Transmitted: October 23rd, 2013

NOTICE OF BOARD DECISION
MIAMI-DADE COUNTY UNSAFE STRUCTURES BOARD

<u>PLEASE NOTE</u>: FOR FULL INFORMATION CONCERNING THE DECISION PLEASE READ THIS
DOCUMENT IN ITS ENTIRETY

Line Martinez
6770 Indian Creek, #T-F
Miami Beach, Florida 33141

Re: <u>800 84th Street</u>

Legal Description: <u>Biscayne Beach Sub PB 44-67 Lot 6 Blk 7 Lot Size 50.000 x 113 COC 26066-2404 11 2007 1,
City of Miami Beach, Florida</u>.

Master Case No.: <u>BV13000887</u>

Board action on <u>(A) 1-Story CBS Wood/Frame Building (4 Units Living Facility)</u> located at the above address is as
follows:

At its meeting of <u>October 16th, 2013</u>, the Unsafe Structures Board ruled that:


Said structure (A) shall be demolished by an individual qualified to obtain a demolition permit within thirty (30)
days from today. The demolition permit shall be obtained from the Unsafe Structure Unit or the applicable
equivalent in the enforcing municipality. All debris resulting from the demolition shall be promptly removed from
the premises. If any of the above conditions are not complied with, said structure shall be demolished by the
enforcing municipality as soon as possible.



PLAINTIFF'S
EXHIBIT
"E"

October 23rd, 2013
Line Martinez
Case No.: BV13000887
Re:  800 84th Street

Clerk of Courts Use

In accordance with Section 8-5(n) of the Code of Miami-Dade County, any owner or authorized representative may seek an extension of the timeframes set forth in an Order of the Unsafe Structures Board. Such request for a hearing to seek an extension must be in writing, directed to the Secretary of the Unsafe Structures Board. The written request for extension must be received by the Secretary of the Board prior to the deadline specified in the order. For example, in the event the Board Order states that a permit must be obtained within a specified period, the request for extension of the deadline to obtain the permit must be received prior to the expiration of that specified period. If the same order provides a deadline for completion of the structure, the request for the extension for the deadline of completion must be received prior to the deadline for completion, provide that the applicant has complied with the permit deadline. In no event may the Board grant more than one extension of time for each initial order.

To obtain an extension, the owner or applicant must demonstrate to the reasonable satisfaction of the Board that the structure that is the subject of the Order is secure at the time the extension is sought and that the owner or applicant has made a good faith attempt to comply with the Order which has been impeded by changed circumstances or other circumstances outside of the owner or applicant's control. As a further condition of the extension, the owner or applicant must submit in writing, together with the petition for an extension, a written timetable for compliance with the substantive provisions of the Order and for completion of all necessary repairs. The Board will limit its consideration of the petition to deciding whether the grounds for an extension have been satisfied.

The Board also ruled through this Board decision that, if compliance is not obtained within the time stipulated above then, the Building Official is further instructed to proceed as provided in Chapter 8, Section 8-5 of the Code of Miami-Dade County. There will be no further notices or communication from the Unsafe Structures Board regarding this case. This document may be recorded by the Building Official with the Clerk of the Circuit Court. This recording will constitute constructive notice to all concerned, as well as any subsequent purchasers that a decision has been rendered by the Unsafe Structures Board on the above referenced property.

Repair or demolition permits, for property located at the above address must be obtained from the City of Miami Beach, Unsafe Structures Section, Building Department, 1700 Convention Center Drive, Miami Beach, Fl. 33139, (305) 673-7610. Please call this Department before coming in for a permit or for further information on this matter.

The Unsafe Structures Board is Quasi-Judicial; the decision and specified compliance date is final and binding. Any person aggrieved by a decision of the Unsafe Structures Board may seek judicial review of that decision in accordance with the Florida Rules of Appellate Procedure as indicated in Chapter 8, Section 8-5 (o) of the Code of Miami-Dade County.

Respectfully,

Kathy Chabas
Secretary of the Board
Unsafe Structures Board

This instrument was prepared by
Latisha Byrd
Miami-Dade County
Department of Regulatory and Economic Resources
Board Administration Section
11805 SW 26 Street (Coral Way), 2nd Floor
Miami, Florida 33175

LB

cc: Known Interested Parties:  City of Miami Beach, Unsafe Structures Section, Building Department, 1700 Convention Center Drive, Miami Beach, Fl. 33139, Attn: Mariano V. Fernandez, Building Official.

Seal





3



German E. Velazco
RER Support Specialist, Neighborhood Compliance Division
Miami-Dade County Department of Regulatory and Economic Resources
11805 SW 26 St, Suite 230
Miami, Florida 33175-2474
Office: 786-315-2552/786-315-6161
http://www.miamidade.gov/building/
"Delivering Excellence Every Day"

4

CFN 2014R0536938
OR Bk 29251 Pg 4421; (1pg)
RECORDED 07/31/2014 10:45:06
DEED DOC TAX 0.60
SURTAX 0.45
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U S BANK TRUST NATL ASSN
Plaintiff(s) / Petitioner(s)

VS.

MARTIN, LINE , et al.
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION

| | |
|---|---|
| Case No: | 13022070CA01 |
| Section: | 22 |
| Doc Stamps: | $9.60 |
| Surtax: | $0.45 |
| Consideration: | $100.00 |

## CERTIFICATE OF TITLE

The undersigned clerk of the court certifies that a Certificate of Sale was executed and filed in this action on July 08, 2014, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

**Lot 6, Block 7, OF BISCAYNE BEACH SUBDIVISION; according to the Plat thereof, recorded in Plat Book 44 at Page 67, of the Public Records of Miami-Dade County, Florida.**

**Street address: 800 84th Street, Miami Beach, FL 33141**

was sold to:

U.S. BANK TRUST NATIONAL ASSOCIATION, AS CERTIFICATE TRUSTEE FOR AMH 21 TRUST
1900 Sunset Harbour Drive
The Annex, 2nd Floor
Miami, FL 33139

WITNESS my hand and the seal of this court on July 23, 2014.

FILED FOR RECORD
2014 JUL 31 AM 8: 53
CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY FLA



Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida


PLAINTIFF'S
EXHIBIT
"C"

Rev. 10/5/2008